E-FILED on    2/26/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FIRST NATIONAL MORTGAGE COMPANY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL REALTY INVESTMENT TRUST,<br><br>Defendant. | No. C-03-02013 RMW<br><br>ORDER DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW OR, ALTERNATIVELY, NEW TRIAL; and ORDER DENYING APPLICATION FOR IMMEDIATE APPEAL AND SETTING CASE MANAGEMENT CONFERENCE |

Federal Realty Investment Trust ("Federal Realty") moves for judgment as a matter of law, or, alternatively, a new trial on the issue of liability which was bifurcated and tried by jury. The court has reviewed the moving and responding papers and heard the arguments of counsel. The court hereby denies the motion for judgment as a matter of law and the alternative motion for new trial. The court also denies Federal Realty's application for an immediate interlocutory appeal. Finally, the court sets a further case management conference for March 23, 2007 at 10:30 a.m.

### I. MOTION FOR JUDGMENT AS A MATTER OF LAW

**A. Jury's Findings and Asserted Bases for Motion for Judgment as a Matter of Law**

The jury returned a special verdict which made the following findings: (1) the parties intended that the Final Proposal be an enforceable agreement between them regardless of whether

they later agreed on a "formal agreement"; (2) the parties intended that the language in the Final Proposal concerning the times at which the "put" and "call" options could be exercised also set a ground lease duration of 10 years subject to the possible earlier exercise of First National's "put option"; (3) the terms of the Final Proposal were clear enough so that the parties could understand what each was required to do; (4) Federal Realty anticipatorily breached the Final Proposal; and (5) First National could have performed its obligations under the Final Proposal at the time performance was called for under the Final Proposal but for Federal Realty's breach.

Federal Realty's motion is based on arguments it has made in different contexts before. Federal Realty asserts: (1) that the evidence is insufficient to show that the Final Proposal, which was signed by the parties, constituted a binding agreement; (2) that the Final Proposal omitted a material term---the duration of the ground lease; (3) that First National was not ready, willing and able to perform because D&R was a missing necessary party to any ground lease; and (4) that the evidence does not establish that the Final Proposal was timely accepted.

**B. Analysis of Federal Realty's Asserted Bases for Judgment as a Matter of Law**

      **1. The Evidence Supports the Finding that the Parties Intended That the Final Proposal Be an Enforceable Agreement Between Them Regardless of Whether They Later Agreed on a "Formal Agreement"**

The court will highlight only the most persuasive factual evidence that supports the finding that the parties intended the Final Proposal to be binding. In mid-August 2000 when Mr. Guttman of Federal Realty learned that First National had not accepted a revised counter-proposal, he went to his outside lawyers to see if he could enforce it. After he learned he could not because it had not been signed, he told First National that from that point on, he wanted offers signed so that he could hold First National to them. "If we're going to do anything together, I want both parties signing off the document, and I want an enforceable contract now." (RT 217:11-13). Subsequently, the Final Proposal was signed on behalf of First National by Mr. Dryan, faxed to Mr. Guttman, signed by him and faxed back to First National.

After Mr. Guttman's mid-August conversation with First National, he sent an offer dated August 24, 2000 to First National which, for the first time in the negotiations which had been going

ORDER DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW OR, ALTERNATIVELY, NEW TRIAL; and ORDER DENYING APPLICATION FOR IMMEDIATE APPEAL AND SETTING CASE MANAGEMENT CONFERENCE
C-03-02013 RMW

2

1   on for months, omitted a non-binding provision.  Mr. Guttman wanted language that would insure
2   that "there was no way either party . . . could change any of the major points in the Agreement . . . ."
3   (RT 219:9-20).
4         Mr. Dryan testified without objection on cross-examination that "[t]he 'subject only to
5   approval' language was the only way that the final proposal can be changed or modified, or even
6   replaced, was by agreement upon the formal Agreement, and if there was no formal Agreement, then
7   we stay with the final proposal, which was a contract."  (RT 882:3-9).
8         Shortly after the Final Proposal had been signed by the parties, Mr. Guttman and Mr.
9   Rubenstein saw each other at the Santana Row project and Mr. Guttman commented: "Michael, I am
10  so happy we have a deal."  Mr. Rubenstein replied: "So am I, Steve.  I really am so happy we finally
11  have this agreement."  (RT 690:5-14).
12        Within a month of the signing of the Final Proposal, Federal Realty included in its internal
13  cost reports costs for tenant buyouts, brokerage costs, and other costs for the acquisition of the
14  subject property.
15        This highlighted evidence, as well as the additional evidence cited in the brief by First
16  National in opposition to Federal Realty's motion, provides sufficient support for the jury's finding
17  that the parties intended that the Final Proposal be an enforceable agreement between them
18  regardless of whether they later agreed on a "formal agreement."

19   **2. The Final Proposal Omitted a Material Term---the Duration of the Ground Lease**

20        Federal Realty claims that the evidence is insufficient to show that the Final Proposal
21  specified a duration of the ground lease.  The question of whether the Final Proposal could be
22  interpreted to specify a 10 year duration subject to First National's earlier exercise of its "put" has
23  been throughly analyzed in prior orders and will not be repeated here.  However, the court will
24  highlight the evidence that supports the jury's finding that the Final Proposal included a ground lease
25  with a duration of 10 years subject to the possible earlier exercise of First National's "put option."
26        Paragraph 1 of the Final Proposal set a $100,000 per month ground lease rental rate to
27  increase 3% annually.  Paragraph 2 gave First National a 10 year "put" to require Federal Realty to
28

buy the property at a capitalization rate of 9% of the then current annual rental. Federal was given a "call" at the end of ten years at a 9% capitalization rate. Mr. Guttman referred to the time in which the "put" could be exercised as "anytime within the ten-year lease term". (RT 187:16-21). Since Federal Realty intended to put millions of dollars into improvements, the "call" provision assured Federal Realty that it would own the property no later than at the end of 10 years. The jury could have reasonably concluded from these and other facts that the language in the Final Proposal concerning the times at which the "put" and "call" options could be exercised also set a ground lease duration of 10 years subject to the possible earlier exercise of First National's "put option."

Federal Realty argues that the Statute of Frauds and parol evidence rule dictate that judgment should be entered in its favor. These arguments have been rejected in previous rulings by the court. However, in summary, the Final Proposal satisfies the writing requirement of the Statute of Frauds because the duration has a basis in the writing and parol evidence was admissible to clarify the intent of the parties. Further, since the lease in the Final Proposal was capable of being performed in a year because First National had the right to exercise its "put" within a year thus terminating the lease, the Statute of Frauds is not applicable.

### 3. First National Was Ready, Willing and Able to Perform

Federal Realty argues that the evidence is insufficient to show that First National was ready, willing and able to perform because D&R, a family partnership, was a necessary party to any ground lease but was not a party to the Final Proposal. This argument has no merit. The evidence unequivocally established that Mr. Dryan had control authority to bind both First National and D&R. Mr. Rubenstein confirmed that with respect to both entities "Hal has control. He has absolute control. His decision goes." (RT 170:7-14). Mr. Rubenstein and Mr. Dryan both testified that they would have taken any action necessary to perform the terms of the Final Proposal, including transferring title to the property from D&R to whomever it was necessary to carry out the Final Proposal. The evidence established that First National was ready, willing and able to perform.

### 4. Federal Realty Cannot Avoid Its Obligation By Now Claiming Its Acceptance Was Late

Federal Realty argues that its fax communication accepting the Final Proposal was not received by First National by the 10:00 a.m. deadline on August 25, 2000 imposed by First National. This argument is frivolous.  First, the evidence is sufficient for the jury to have concluded that the fax acceptance was received by 10:00 a.m.  Second, the time limit was imposed for the benefit of First National and Federal Realty cannot claim the Final Proposal was withdrawn by First National before Federal Realty's fax acceptance was received when it was at most a few minutes late and First National never claimed it was untimely.

Federal Realty's motion for judgment as a matter of law is denied.

## II.  MOTION FOR NEW TRIAL

Federal Realty's motion for a new trial lacks merit.  Admittedly, plaintiff's case did not appear particularly strong based upon the written record supporting the parties' positions on Federal Realty's pre-trial summary judgment motions.  However, plaintiff's case was very persuasive following the presentation of evidence at trial.  The jury's verdict was not clearly against the weight of the evidence.  The evidence, in fact, solidly supported First National's position.  The jury was able to judge the credibility of Mr. Dryan and Mr. Rubenstein and the fact that the jurors accepted their testimony was not surprising in view of their demeanors, recollections and the circumstances surrounding the negotiations between the parties.

Federal Realty complains that the court rejected certain proffered jury instructions but gives no explanation in its motion as to why the instructions should have been given.  The court is satisfied that the jury was properly instructed.

Federal Realty also asserts that the court erroneously excluded the testimony of its real estate expert, Mark S. Hennigh.  Mr. Hennigh's testimony was properly excluded as explained by the court in its e-mail to the parties during trial.  Exs. A and B to Decl. of Waranoff in Support of Defendant's Renewed Motion for Judgment as a Matter of Law or, alternatively, for a New Trial.

Federal Realty's complains that the court should have allowed its counsel to review Mr. Dryan's notebook and not allowed First National to call Jennifer Dryan as a rebuttal witness.  These

ORDER DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW OR, ALTERNATIVELY, NEW TRIAL; and ORDER DENYING APPLICATION FOR IMMEDIATE APPEAL AND SETTING CASE MANAGEMENT CONFERENCE
C-03-02013 RMW

1  rulings constitute discretionary decisions by the court and do not provide a basis for a new trial. The
2  bases for the rulings were sound.

### III. FURTHER PROCEEDINGS

#### A. Request for Certification for Interlocutory Appeal under 28 U.S.C. § 1292(b)

Federal Realty requests that the court certify its denial of Federal Realty's motion for judgment as a matter of law for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The court does not find that the requirements of § 1292(b) are met and hereby denies the application.

#### B. Setting of Further Case Management Conference

The court hereby sets a further case management conference to set a trial date on the remaining damages issue for March 23, 2007 at 10:30 a.m. The parties are to file by March 16, 2007 a joint case management conference statement with a proposed schedule consistent with the Case Management Conference Order Re Bifurcation and Related Matters filed February 22, 2006.

DATED:    2/26/07

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**

| | |
|---|---|
| Brian Hennessy | bhennessy@thelenreid.com |
| Daven Lowhurst | dglowhurst@thelenreid.com |
| Patrick Ryan | pryan@thelenreid.com |
| Paul Rice | price@civlit.com |

**Counsel for Defendant(s):**

| | |
|---|---|
| Nicholas Waranoff | nwaranoff@allenmatkins.com |
| William Huckins | whuckins@allenmatkins.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     2/26/07                                    SPT
                                                                **Chambers of Judge Whyte**

ORDER DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW OR, ALTERNATIVELY, NEW TRIAL; and ORDER DENYING APPLICATION FOR IMMEDIATE APPEAL AND SETTING CASE MANAGEMENT CONFERENCE
C-03-02013 RMW