**E-FILED on**    6/25/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FIRST NATIONAL MORTGAGE COMPANY, a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL REALTY INVESTMENT TRUST,<br><br>    Defendant. | No. C-03-02013 RMW<br><br>ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION<br><br>**[Re Docket No. 503]** |

     Defendant Federal Realty Investment Trust ("Federal Realty") moves for leave to file a motion for reconsideration of this court's Order of February 26, 2007, which (1) denied Federal Realty's motion for judgment as a matter of law or, alternatively, for a new trial and (2) denied Federal Realty's application for immediate appeal ("JMOL Order"). Federal Realty seeks reconsideration on the ground that there has been a change in law since the JMOL Order as a result of the California Supreme Court's decision in *Sterling v. Taylor*, 40 Cal. 4th 757 (2007). The court has read the moving papers and considered the arguments of counsel. For the reasons stated below, the court DENIES Federal Realty's motion for leave to file a motion for reconsideration.

The present action was brought by First National Mortgage Company ("First National") regarding an alleged lease contract, the Final Proposal, between First National and Federal Realty. After a bifurcated trial on the issue of liability, the jury returned a special verdict finding, *inter alia*, that the parties intended the language in the Final Proposal concerning the times at which the "put" and "call" options could be exercised to also set a ground lease duration of ten years. Federal Realty moved for judgment as a matter of law or, alternatively, a new trial, arguing that the Statute of Frauds and the parol evidence rule prohibited the introduction of extrinsic evidence where the term of the lease was not expressly stated in the written document. The court denied the motion because (1) as made clear in prior orders of the court, the Final Proposal could be interpreted to specify a 10 year duration subject to First National's earlier exercise of its "put," (2) the evidence presented at trial supported the jury's finding that the Final Proposal included a ground lease with a duration of 10 years, and (3) as set forth in the court's prior orders, the court had previously rejected Federal Realty's arguments that the statute of frauds and parol evidence rule dictate that judgment should be entered in its favor.[1]  JMOL Order at 3:21-4:8.

In particular, the court held in its Order of August 3, 2006 on Motions *In Limine* ("August 3, 2006 Order") that "the lease duration in the Final Proposal is 'ambiguous' and not a 'necessary missing term'" and thus extrinsic evidence was permissible. August 3, 2006 Order at 7:23-25. In coming to that conclusion, the court relied in part on *Franklin v. Hansen*, 59 Cal. 2d 570 (1963). Specifically, it stated:

> As the California Supreme Court has opined, a contract is binding if it "demonstrate[s] the existence of a contractual intent on the part of the one to be charged, and extrinsic evidence [i]s necessary only *to define the limits thereof*." *Franklin*, 59 Cal. 2d at 573 (emphasis added). Because the Final Proposal expressly includes every essential element of a valid agreement except the lease's duration, it arguably manifests the parties' desire to be bound; extrinsic evidence then "define[s]" the temporal "limits" of this agreement.

---

[1] Federal Realty also asserts that in rejecting its argument that the statute of frauds bars First National's claims, the court failed to consider whether the evidence adduced at trial was legally sufficient under the statute of frauds to "state the duration with reasonable certainty" because the JMOL Order relied only upon the court's earlier motion *in limine* ruling. However, if the court's JMOL Order is not clear, the court did conclude that, as a matter of law, the evidence adduced at trial was sufficient to establish that the duration was stated with reasonable certainty in the Final Proposal.

ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION—No. C-03-02013 RMW
LJP/SPT         2

August 3, 2006 Order at 8:2-7; *see also* JMOL Order at 4:9-15.

Federal Realty argues that the *Sterling* court's disapproval of the specific language from *Franklin* quoted by this court constitutes grounds for reconsideration of the JMOL Order. However, Federal Realty misconstrues *Sterling*'s disapproval of *Franklin*. In surveying the memorandum requirement of the Statute of Frauds, the *Sterling* court noted two early cases which "demonstrate that a memorandum can satisfy the statute of frauds, even if its terms are too uncertain to be enforceable when considered by themselves," *Preble v. Abrahams*, 88 Cal. 245 (1891), and *Brewer v. Horst & Lachmund Co.*, 127 Cal. 643 (1900). 40 Cal. 4th at 767-68. However, "[d]espite this venerable authority," the court continued, "conflicting statements appear in other California cases." *Id.* at 768. The court cited *Franklin* and elaborated in a footnote:

> The *Franklin* court attempted to straddle the two lines of authority on this point by also stating that when a memorandum "imports the essentials of a contractual obligation although it fails to do so in an explicit, definite or complete manner, it is always permissible to show the circumstances which attended its making." The court referred to *Brewer*, among other cases, as an instance in which "the memorandum itself demonstrated the existence of a contractual intent on the part of the one to be charged, and extrinsic evidence was necessary only to define the limits thereof." This was a stretch too far. If extrinsic evidence is necessary to clarify or complete the essential terms of a memorandum, the sufficiency of the memorandum has been established by extrinsic evidence. And the *Brewer* court plainly endorsed the consideration of extrinsic evidence not merely to "define the limits" of the parties' agreement, but to determine in the first instance whether the telegrams reflected a contract with sufficient certainty to comply with the statute of frauds.

*Id.* at 769 n.9 (citations omitted). Federal Realty interprets this as meaning the language in *Franklin* was "a stretch too far" because it was too permissive in allowing extrinsic evidence. *See* Mot. Leave to File Mot. Recons. at 5:19-24. However, the full footnote makes clear that *Franklin* went too far in *restricting* the use of extrinsic evidence. After criticizing *Franklin*'s interpretation of *Brewer*, the court goes on to say that *Brewer*, which it cites favorably, "plainly endorsed the consideration of extrinsic evidence" to do *more* than "'define the limits' of the parties' agreement." *Sterling*, 40 Cal. 4th at 769 n.9.

In summary, the court explicitly states, "[t]o clarify the law on this point, we disapprove the statements in California cases barring consideration of extrinsic evidence to determine the sufficiency of a memorandum under the statute of frauds." *Id.* at 770. The court further expressly

rejected the rigid approach to the statute of frauds that Federal Realty suggests should apply, reasoning that:

> [t]he purposes of the statute are not served by such a rigid rule, which has never been a consistent feature of the common law.
>
> \*\*\*
>
> "The Statute of Frauds was not enacted to afford persons a means of evading just obligations; nor was it intended to supply a cloak of immunity to hedging litigants lacking integrity; nor was it adopted to enable defendants to interpose the Statute as a bar to a contract fairly, and admittedly, made.  In brief, the Statute 'was intended to guard against the perils of perjury and error in the spoken word.'  Therefore, if after a consideration of the surrounding circumstances, the pertinent facts and all the evidence in a particular case, the court concludes that enforcement of the agreement will not subject the defendant to fraudulent claims, the purpose of the Statute will best be served by holding the note or memorandum sufficient even though it is ambiguous or incomplete."

*Id.* at 770-71 (quoting 10 Williston on Contracts (4th ed. 1999) § 29:4, pp. 437-438).  Thus, to the extent that *Sterling* results in a change in law, it appears to change the law in exactly the opposite direction from what Federal Realty argues for.

This court relied on *Franklin* to find that, under the facts of this case, extrinsic evidence could be introduced to show that the Final Proposal set a lease term of ten years, consistent with the duration implied by the put and call options in the Final Proposal.  By contrast, the *Sterling* court rejected the use of extrinsic evidence to satisfy the statute of frauds based on the record before it because, there, the proffered extrinsic evidence was *inconsistent* with the price term that appeared in the memorandum.  *Id.* at 775.  In other words, the extrinsic evidence was being offered to supply a term not found in the memorandum.  The court held, "[u]nder these circumstances, we conclude the evidence is insufficient to establish Sterling's price term with the reasonable certainty required by the statute of frauds.  In sum, neither the law nor facts of *Sterling* provides grounds for reconsideration.

Federal Realty also moves, in the alternative, for leave to file a motion for reconsideration of this court's denial of its request to file an immediate interlocutory appeal.  Federal Realty relies essentially on the argument that *Sterling* has created a substantial ground for a difference in opinion, presumably between this court and the California Supreme Court.  However, as discussed above, *Sterling* does not set forth a legal standard different than the one applied by this court.

ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION—No. C-03-02013 RMW
LJP/SPT                                        4

**ORDER**

For the foregoing reasons, the court DENIES defendant's motion for leave to file motion for reconsideration.

DATED:    6/25/07

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION—No. C-03-02013 RMW
LJP/SPT                                                 5

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Brian Patrick Hennessy | bhennessy@thelenreid.com |
| Daven Gerald Lowhurst | dglowhurst@thelenreid.com |
| Patrick Martin Ryan | pryan@thelenreid.com |

**Counsel for Defendants:**

| | |
|---|---|
| Nicholas B. Waranoff | nwaranoff@allenmatkins.com |
| Marlene Moffitt | mmoffitt@allenmatkins.com |
| William W. Huckins | whuckins@allenmatkins.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 6/25/07

SPT
**Chambers of Judge Whyte**