**\*E-FILED 11/19/07\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FIRST NATIONAL MORTGAGE COMPANY,<br><br>     Plaintiff,<br>   v.<br><br>FEDERAL REALTY INVESTMENT TRUST,<br><br>     Defendant._____/ | NO. C 03-02013 RMW (RS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL AND MOTIONS FOR PROTECTIVE ORDERS** |

## I. INTRODUCTION

Before the Court are: (1) the motion of defendant Federal Realty Investment Trust ("Federal") for a protective order precluding plaintiff First National Mortgage Company ("First National") from taking the depositions of Donald Wood, Dawn Becker, and Nate Fishkin; (2) Federal's motion for a protective order regarding document subpoenas issued to Jeffery Berkes and Jan Sweetnam; and (3) First National's motion to compel production of documents and witnesses. For the reasons set forth below, the motions will be granted in part, and denied in part.[1]

## II. BACKGROUND

This action arises out of the development of the "Santana Row" shopping center in San Jose on the grounds of a then-existing shopping center known as "Town and Country Village" and certain

---

[1] Federal Realty originally filed separately-noticed motions for sanctions in connection with its motions for protective orders, but has withdrawn those sanctions motions.

1

United States District Court
For the Northern District of California

1  adjacent properties. Plaintiff First National owned a building on a parcel adjacent to the
2  development, known as 350 South Winchester. While developing Santana Row, defendant Federal
3  gave some consideration to acquiring the 350 South Winchester property and including it in the
4  project. To that end, the parties executed a "Final Proposal," calling for Federal to *lease* the
5  property for a ten year period and providing for mechanisms under which either party could force a
6  *sale* of the property from First National to Federal. Federal subsequently took the position that the
7  "Final Proposal" was not a binding contract, and this action ensued. Pursuant to a bifurcation order
8  entered by the presiding judge, the question of whether the "Final Proposal" was a binding contract
9  was tried to a jury in "Phase I." The jury rendered a verdict that Federal breached a valid contract.
10 "Phase II," to establish damages, is set for trial in March of 2008.

### III. DISCUSSION

#### A. Depositions of Wood, Becker and Fishkin

These depositions were originally scheduled for the day of the discovery cutoff (August 31, 2007) on only eight days' notice. The Court denied Federal's motion to shorten time for hearing its motion for a protective order, but stayed the depositions pending the hearing on the motion on full notice. Federal opposes all three depositions based on the argument that the notice was untimely. Federal additionally opposes the depositions of Wood and Fishkin based on the assertion that they lack discoverable information.

Federal contends that *ten* days notice is generally considered the minimum period that can be considered "reasonable" under Rule 30 of the Federal Rules of Civil Procedure. First National does not quarrel with that proposition, and, indeed, even longer notice is customary. First National, argues, however, that under all the circumstances here, providing only eight days notice was both unavoidable and sufficient.

As discussed at the hearing, the question of whether sufficient notice was given is largely moot, because Federal has now had many weeks of notice before the depositions will take place. Additionally, even assuming it would be unfair or improper in some instances to permit a party to evade a discovery cut off and the requirement of giving reasonable notice by noticing depositions

2

1 less than ten days prior to a discovery cut off and then relying on the delay of inevitable motion
2 practice, the record in this case establishes that these particular depositions were originally noticed
3 in July of 2007, long before the discovery cut off.  Those original notices also gave  more than 10
4 days notice.  Thereafter, the parties engaged in negotiations as to whether the depositions would or
5 would not ever go forward, but under all of the circumstances, Federal cannot reasonably contend it
6 was surprised or otherwise prejudiced by the deposition notices, particularly given that it has now
7 had far more than eight days notice.

8 Apart from the timeliness issue, Federal contends that the deposition of Dawn Becker, its in-
9 house counsel, is improper because any information she may have is privileged.  Federal
10 acknowledges that, at some point in time, Becker assumed a second "hat" and acted in a "business"
11 capacity in addition to her responsibilities as an attorney for Federal.  Federal contends, however,
12 that Becker did not don her "business" hat until a time period *after* events relevant to "Phase II" had
13 transpired.  First National, in turn, expressly disclaims any intent to invade the attorney-client
14 privilege, but insists that Becker may have relevant non-privileged information.  As discussed at the
15 hearing, it may be the case that this deposition will be very short, in the event foundational
16 testimony shows that Becker does not possess relevant, non-privileged information.  Nevertheless,
17 Federal has not established that inquiry into that foundation is inappropriate, or that there would be
18 any reason to preclude further questioning should those initial questions reveal that Becker holds
19 information that is relevant and not privileged.

20 Federal opposes the deposition of Donald Wood, its CEO, on grounds that he is an "apex
21 deponent" and that First National has not shown he possesses "unique personal knowledge" of
22 relevant facts.  First National takes no issue with Federal's characterization of the law as requiring
23 "unique personal knowledge" before the deposition of a high level corporate officer may be had, but
24 insists that the record shows Wood has such knowledge.

25 It may be true that, "courts are sometimes willing to protect high-level corporate officers
26 from depositions when the officer has no *first hand* knowledge of the facts of the case or where the
27 officer's testimony would be *repetitive*."  *First United Methodist Church of San Jose v. Atlantic*
28 *Mutual Ins. Co.*, 1995 WL 566026, at *2 (N.D. Cal. 1995) (emphasis added).  The mere fact,

3

1 however, that other witnesses may be able to testify as to what occurred at a particular time or place
2 does not mean that a high-level corporate officer's testimony would be "repetitive."  Indeed, it is not
3 uncommon for different witnesses to an event to have differing recollections of what occurred.

4      Courts generally do refuse to allow the immediate deposition of high-level "apex deponent"
5 executives, *before* the testimony of lower level employees with more intimate knowledge of the case
6 has been secured.  See *Salter v. Upjohn*, 593 F.2d 649, 651 (5th Cir. 1979) (granting protective order
7 for executive where plaintiff had sought to depose the president of the company before deposing
8 lower level executives); *Baine v. General Motors Corp.*, 141 F.R.D. 332 (M.D. Ala. 1991) (granting
9 protective order for Vice President of General Motors where plaintiff had failed first to depose lower
10 level employees).   Here, however, First National has shown that its depositions of lower-level
11 employees suggest that Wood may have at least *some* relevant personal knowledge.  Again, the
12 deposition may be short, should foundational questions prove otherwise, but Federal has not
13 established a basis for precluding the deposition entirely.

14      As to Fishkin, Federal makes no real argument that his deposition would have been improper
15 if timely noticed.  Given the discussion of timeliness above, that deposition must go forward.

16      Finally, First National urges that it now be permitted to depose each of these deponents up to
17 5 or 6 hours, in light of Federal's refusal to agree to meet and confer proposals for shorter
18 depositions.  Again, compromise in the meet and confer process is to be encouraged, but the
19 deposition notices at issue contemplated all three deposition occurring sequentially on the same day
20 at 9:30 (Wood), 12:30 (Becker), and 2:30 (Fishkin).  Accordingly,  the Wood deposition shall not
21 exceed three and one-half hours and the Becker and Fishkin depositions shall be limited to two hours
22 each.

23
24
25      B.  <u>Subpoenas Issued to Jeffery Berkes and Jan Sweetnam</u>
26     Federal seeks a protective order relieving Jeffery Berkes and Jan Sweetnam from any
27 obligation to produce documents in response to subpoenas served on them individually.   First
28 National filed a "limited non-opposition" stating that because Federal has admitted that the

4

1  documents in issue are in its possession, custody, or control, First National will not seek to enforce
2  the subpoenas issued to Berkes and Sweetnam, and instead will seek the documents directly from
3  Federal through its motion to compel directed against Federal.  Accordingly the motion for a
4  protective order is granted, without prejudice to First National's right to seek the same documents
5  from Federal itself.

C.  First National's Motion to Compel

A central issue presented in this motion is whether Federal has adequately complied with its obligation to search for, and to produce, documents in response to First National's request for production of documents, request no. 8, which was served prior to the Phase I trial. That request sought, "[a]ny documents, including but not limited to, plans, architectural drawings, cost projections *or otherwise concerning* the property located at 350 South Winchester . . . ." (emphasis added). Federal contends the motion is untimely because Civil Local Rule 26-2 requires all motions to compel to be brought within seven court days of the discovery cut off, and the discovery cut off for Phase I was January 31, 2005.  Although the Court generally enforces Rule 26-2 strictly, its applicability to these circumstances is unclear.  The basis of First National's motion is its contention that it only recently discovered, while Phase II discovery was open, that Federal may not have produced all responsive documents during Phase I.  Under these circumstances, the Court concludes that Rule 26-2 does not bar the motion.

Federal further contends, however, that it fully complied with its obligations to produce documents responsive to request no. 8 because, Federal asserts, First National's prior counsel stipulated that the "otherwise concerning" language of the request could be ignored and Federal needed only produce architectural plans and cost information.  Federal insists that it has produced all such information in its possession, and the fact that First National has obtained architectural drawings from *other* sources does not indicate otherwise.

The difficult issue, however, is that as part of its opposition to this motion, Federal has disclosed that it possesses nearly 300 unlabeled boxes of documents "pertaining to the development and construction of the Santana Row project."  Federal does not assert that the contents of those

5

boxes were *ever* reviewed in the course of discovery in this action, nor does it unequivocally claim that responsive documents could not exist in those boxes. Thus, the question of whether prior counsel agreed to limit the scope of request number 8 is largely irrelevant; Federal arguably failed to conduct an adequate search for responsive documents regardless of any agreed-to limitations as to the scope of the request.[2]

Accordingly, the motion to compel will be granted as to request number 8. While Federal need not produce all documents "pertaining" to the development or construction of Santana Row, it shall produce any non-privileged documents in its custody, possession, or control that specifically refer to or relate to the 350 South Winchester property, including all "plans, architectural drawings, cost projections" and it shall review the "nearly 300 boxes" as part of that production process.

First National also seeks to compel Federal to produce further documents in connection with First National's deposition notice served under Rule 30 (b) (6) of the Federal Rules of Civil Procedure, and to produce a witness or witnesses for further deposition testimony under that notice. In its reply brief, First National acknowledges that Federal may stand on its assertion that it does not possess any documents responsive to request numbers 3, 4, 5, 8, 9, and 10, but First National requests that Federal provide a sworn statement to that effect. Given all the circumstances, Federal shall provide a verified statement signed by a responsible corporate official that it has made a good faith search for responsive materials and that all responsive, non-privileged documents in these categories have been produced.

As to request numbers 2, 6, and 11, the motion is granted, as limited by virtue of the parties meet and confer negotiations. Federal shall produce any non-privileged responsive documents in it possession, custody, or control, including such documents as may be discovered in the review of the approximately 300 boxes.

Finally, First National contends that Federal's witness produced under Rule 30 (b) (6) was inadequate. First National has failed to show that the witness was not adequately prepared to testify

---

[2] The Court is concerned that requiring Federal to review the contents of the nearly 300 boxes will impose a burden that outweighs the likelihood that relevant materials will be discovered. A party's own choices, however, as to how it retains and labels documents (or fails to do so) is not a ground on which discovery may be foreclosed.

on the topics specified in the deposition notice.  Accordingly, the motion to compel further deposition testimony is denied, without prejudice to a renewed motion in the event First National has a reasonable basis to seek additional testimony regarding any documents that may be produced as a result of this order.

## IV. CONCLUSION

The motions are granted to the extent set forth above and are otherwise denied.  The depositions compelled by this order shall be held as promptly as practicable, but within not more than 20 days.  The further production of documents shall be made within 30 days of the date of this order.

IT IS SO ORDERED.

Dated:   November 19, 2007

RICHARD SEEBORG
United States Magistrate Judge

ORDER
C 03-02013 RMW (RS)

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Micael Peredia Estremera    mestremera@thelen.com

Tod C. Gurney    tgurney@hopkinscarley.com

Brian Patrick Hennessy    bph@thehennessylawfirm.com

William W. Huckins    whuckins@allenmatkins.com

Daven Gerald Lowhurst    dglowhurst@thelenreid.com

Marlene Moffitt    mmoffitt@allenmatkins.com, agarbin@allenmatkins.com

Patrick Martin Ryan    pryan@thelen.com, mtwalter@thelen.com

Nicholas Bennett Waranoff    nwaranoff@allenmatkins.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 11/19/07**                                                  **Richard W. Wieking, Clerk**

                                                                **By:    /s/ BAK
                                                                        Chambers**

ORDER
C 03-02013 RMW (RS)

8