**E-FILED on** 9/8/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FIRST NATIONAL MORTGAGE COMPANY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL REALTY INVESTMENT TRUST,<br><br>Defendant. | No. C-03-2013 RMW<br><br>ORDER DENYING MOTION FOR EXPENSES UNDER RULE 37(C) AND MOTION FOR PARTIAL EXPERT WITNESS FEES PURSUANT TO CAL. CODE CIV. PROC.§ 998<br><br>[Docket #'s 724 and 726] |

Plaintiff's Motion for Expenses under Rule 37(c) and Motion for Partial Expert Witness Fees pursuant to California Code of Civil Procedure Section 998 came on for hearing before the court on September 4, 2009. Defendant opposed both motions. Having considered the papers submitted by the parties and the arguments of counsel, and for good cause appearing, the motions are denied.

**I.     Expenses Under Rule 37(c)**

First National seeks $1,932,811.93 under Fed. R. Civ. P. 37(c) to recover the legal expenses

it incurred in proving the truth of matters that FRIT refused to admit were true in response to Requests for Admission. Rule 37(c) allows a party to recover its expenses incurred in proving up matters that were not admitted, unless, among other things the party failing to admit had reasonable grounds to believe it might prevail on the matter, or there was other good cause for the failure to admit.

Requests for Admission 1-7 asked FRIT to admit that "First National Mortgage Company suffered damages proximately caused by Federal Realty Investment Trust's breach of the final proposal" in excess of certain specified suffered amounts. These requests were made during discovery following the jury's finding that FRIT breached the final proposal in the first phase of the bifurcated trial. The court finds that FRIT had reasonable grounds for denying the requests. By admitting a breach, FRI T would have had to admit there was liability which it denies and is contesting on appeal. Although the evidence was sufficient to allow the case to go to the jury and to withstand a motion for judgment of law, at the time FRIT denied the requests and continuing thereafter, FRIT had a reasonable basis for believing that the jury's verdict finding a breach will not hold up on appeal. The question is not whether a party fails to prevail but whether it acts reasonably believing it might prevail. *See Washington State Dept. of Transp. v. Washington Natural Gas Co.*, 59 F3d 793, 805-6 (9th Cir. 1995).

In addition, even if FRIT had qualified its responses by making clear that it was not conceding liability, it would still have had a reasonable basis to deny the requests for admission. The amount of damages was vigorously contested and FRIT had a reasonable basis for not admitting any amount of damages. Although the court was certain to award some damages, qualified admissions that damages were in excess of certain specified amounts may not have avoided the need to incur expenses in proving damages. Any estimate of the amount of expenses that could have been avoided by any particular admission is speculative, and First National has not shown a reasonable basis for allocating the expenses that could have been saved by any particular admission.

By Requests for Admission 10 and 11, First National sought to have FRIT admit that the subject property's value as of May 11, 2005 was equal to or less than $6,5000,000 and $8,500,000 respectively. Although these requests did not require an admission of liability, the issue of value

was vigorously contested. First National's experts put the value at around $5,200,000 and FRIT's asserted a value of over $9.5 million. Although the court found some of the methodology used by FRIT's appraiser questionable, the court finds that FRIT had a reasonable belief that it could show a value above $8,500,000. This belief could have come as a result of FRIT's understanding of its appraiser's view or the weaknesses it saw in underlying support for First National's appraisals.

Request 13 sought FRIT's admission that the start date of the lease was May 11, 2001. If FRIT had admitted this request as framed, it would again have had to admit there was a lease which remains an issue on which FRIT has a reasonable belief it may prevail. Further, a qualified admission that the lease had a particular start date assuming there was a lease was not required. FRIT had a basis for its argument that the lease did not start on the date of breach. It is also unclear what amount of expenses could have been saved by the request for the admission.

In summary, although First National is understandably frustrated that it incurred substantial sums in proving its damage claim and that it would have been willing to settle certain valuation issues if FRIT had made the admissions requested with or without qualification, the court finds that FRIT's failures to admit were substantially justified.

## II.  Partial Expert Witness Fees pursuant to California Code of Civil Procedure Section 998

First National seeks $364,615 in expert witness fees from FRIT because FRIT failed to accept First National's offer to compromise made pursuant to California Code of Civil Procedure § 998(d) and then failed to obtain a more favorable judgment at trial. FRIT opposes on the grounds that First National has not shown the costs were reasonable and, in any event, the costs are not recoverable under Ninth Circuit law.

The court finds the expert witness fees charged by the experts who testified were reasonably incurred by First National and were reasonable in amount. However, the $8,304 charged by Edward Collantes of Collantes Realty, who did not testify, seems excessive given the limited support offered in justification for his bill. First National says he was needed because prior to trial FRIT indicated it was going to challenge First National's computation of the square footage of the building. In light of

1  that limited role, a fee of $2,500 for his work and time spent in deposition preparation seems more
2  reasonable.

3        The court finds that First National reasonably incurred $358,811 in expert witness fees.
4  However, under Ninth Circuit law the court concludes that the full amount of expert witness fees is
5  not recoverable.

6        The issue of the recoverability of fees made after an offer of compromise pursuant to section
7  998 of the California Code of Civil Procedure is governed by *Aceves v. Allstate Ins. Co.*, 68 F.3d
8  1160, 1167-8 (9th Cir. 1995). In *Aceves*, the district court awarded Allstate the actual costs of its
9  experts under section 998(c) of the California Code of Civil Procedure because its offer turned out to
10 be for an amount greater than plaintiff recovered. *Id.* at 1167. The Ninth Circuit remanded because
11 it held that federal law applied to the question of the amount of fees to be awarded. *Id.* at 1168. The
12 court reasoned that federal and California law regarding offers of judgment are similar in that they
13 both allow a defendant to recover costs if it makes a settlement offer before trial, the plaintiff refuses
14 to settle, and the plaintiff obtains a trial judgment that is worth less than the amount offered in
15 settlement. *Id.* Where the difference between federal and California law comes is in the difference
16 in the level of reimbursement for expert witness costs they allow. *Id.* California law allows the
17 defendant to recover expert witness fees in full (Cal. Code. Civ. Proc. § 998(c)) but federal law only
18 allows the defendant to recover forty dollars per day per witness. 28 U.S.C. § 1821(b). *Id.*
19 California law controls the substance of the lawsuit, but federal law controls the procedure by which
20 the district court oversees the litigation. *Id.* Because reimbursement of expert witnesses fees is an
21 issue of trial procedure, federal law controls this costs issue. *Id.*

22       Although the instant case involves an offer by plaintiff made pursuant to California Code of
23 Civil Procedure § 998(d) that was more favorable to defendant than the result obtained at trial, the
24 reasoning regarding entitlement to full expert witness fees remains the same. Under both California
25 and federal law, a plaintiff who prevails is entitled to costs. *Cf.* Cal. Code. Civ. Proc. § 998(d) *with*
26 Fed. R. Civ. P. 1920(3) ("Fees and disbursements for . . . witnesses.") Expert witnesses in federal
27 court are entitled to forty dollars per day whether they are called by a prevailing defendant or
28 plaintiff.

ORDER DENYING MOTION FOR EXPENSES UNDER RULE 37(C) AND MOTION FOR PARTIAL EXPERT WITNESS FEES
UNDER CAL CODE CIV. PROC. § 998
C-03-02013                                  4

**United States District Court**
For the Northern District of California

First National points to the Seventh Circuit case of *S.A. Healy Co. v. Milwaukee Metropolitan Sewerage District*, 60 F. 3d 305, 311 (7th Cir. 1995), wherein the court held that a state statute allowing the award to plaintiff of double costs when plaintiff obtains a favorable judgment after defendant's refusal of plaintiff's settlement demand was "substantive" and would be applied to plaintiff. *Id.* at 309-10. The *Healy* court expressed concern that treating the state statute as procedural could result in forum shopping and this concern supported the conclusion that the law was substantive. *Id.* However, the Ninth Circuit in concluding that the law concerning the amount of expert witness fees was procedural rejected the idea that application of the law would result in forum shopping. "More important, we think it exceedingly unlikely that section 1821(b) provides litigants an incentive to sue in or remove to federal courts." *Aceves*, 68 F.3d at 1168. Although the reasoning in *Healy* is persuasive, the court finds that the Ninth Circuit's opinion in *Aceves* governs the outcome here which means that plaintiffs are entitled only to expert witness fees in the amount of forty dollars per day.

Dated: 9/8/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Daven Gerald Lowhurst | lowhurstd@howrey.com |
| Patrick Martin Ryan | pryan@winston.com |
| John Caleb Donaldson | jcdonaldson@winston.com |
| Krista M. Enns | kenns@winston.com |

**Counsel for Defendants:**

| | |
|---|---|
| Nicholas B. Waranoff | nwaranoff@allenmatkins.com |
| Marlene Moffitt | mmoffitt@allenmatkins.com |
| William W. Huckins | whuckins@allenmatkins.com |
| Mark Jeremy Seifert | mseifert@allenmatkins.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

Date:   9/8/09                            TER
                                          Chambers of Judge Whyte

ORDER DENYING MOTION FOR EXPENSES UNDER RULE 37(C) AND MOTION FOR PARTIAL EXPERT WITNESS FEES UNDER CAL CODE CIV. PROC. § 998
C-03-02013                         6